UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STATE OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:09-cv-169-DFH-DML |
| ) | |
| SIMBA KIMONI-BEY, ) | |
| ) | |
| Defendant. ) | |

### Entry Discussing Motion to Remand

Defendant Simba Kimoni-Bey has filed a notice of removal relating to an ongoing criminal prosecution (a code enforcement proceeding) against him in the Hamilton County Superior Court in No. 29D04-0809-CM-5536 (hereafter "the state action"). The State of Indiana has filed a motion to remand the state action.

**I.**

The notice of removal and the supplement to such motion show that Simba Kimoni-Bey is the defendant in No. 29D04-0809-CM-5536. He has attempted to remove that prosecution to this court, but in doing so has modified the caption to indicate that there are parties to the case other than the State of Indiana and himself. This modification of the caption is unwarranted, because in Indiana a prosecution is brought only in the name of the State.

Accordingly, all persons and all entities other than the State of Indiana and Mr. Kimoni-Bey are **terminated as parties.** The **caption is therefore amended** as shown in this Entry.

**II.**

The State of Indiana seeks the remand of this action to the Hamilton Superior Court. Mr. Kimoni-Bey has not opposed the State's motion.

The removal of a state criminal prosecution to federal court is authorized under certain narrow circumstances.

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443(1).

The Supreme Court established a two-part test for Section 1443(1) removal petitions in *Johnson v. Mississippi,* 421 U.S. 213 (1975): "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal. *Id.* Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1) (1988)).

Here, as in *Colorado v. Lopez,* 919 F.2d 131 (10th Cir. 1990), the plaintiff seeking removal asserts only that the state court has erred or may err in its rulings. This will not satisfy the first portion of the *Johnson* test. *Johnson,* 421 U.S. at 219. Here, as in *Smith v. State of Indiana,* 622 F.Supp. 973 (N.D.Ind. 1985), a state criminal defendant seeks to remove a state criminal action, but fails entirely to suggest any racial basis for the anticipated deprivation of his rights. The vindication or protection of statutes or constitutional provisions concerning general rights applicable to all citizens, rather than couched in the specific language of racial equality, will not provide a basis for removal under 28 U.S.C. § 1443. *Johnson,* 421 U.S. at 219; *State of Wisconsin v. Glick,* 782 F.2d 670, 672 (7th Cir. 1986). In addition, state courts normally are presumed capable of protecting federal constitutional and statutory rights. The fact that Kimoni-Bey's criminal prosecution may have been pending for an extended period of time and the possibility that the state trial court *may have* erred in its resolution of certain issues presented by Kimoni-Bey or present in the prosecution are entirely outside both the language and the purpose of 28 U.S.C. § 1443(1).

The court finds, consistent with 28 U.S.C. § 1446(c)(4), that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." The basis for this finding is that the notice of removal fails to identify a statutory basis on which to proceed with a removal of the pending criminal action. The partial stay issued on March 19, 2009, is **terminated.** Accordingly, the State of Indiana's motion to remand the state action (dkt 15) is **granted** and the summary remand of the state actions must be ordered.

A separate order of remand, consistent with Rule 58 of the *Federal Rules of Civil Procedure*, shall now issue.

So ordered.

Date: September 24, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana